IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MEADE "SKIP" SEAMAN and<br>MARILYN SEAMAN,<br><br>　　Plaintiffs,<br><br>V.<br><br>STATE FARM LLOYDS,<br>RON CLARK,<br>CHARLIE RUSK and<br>BRAD CARROLL<br>　　Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO: _____ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants State Farm Lloyds ("State Farm"), Ron Clark ("Clark"), Charlie Rusk ("Rusk"), and Bard Carroll ("Carroll") file this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2016, Plaintiffs Meade "Skip" Seaman and Marilyn Seaman filed their Original Petition in the matter styled *Meade "Skip" Seaman and Marilyn Seaman v. State Farm Lloyds, Ron Clark, Charlie Rusk and Bard Carroll,* Cause No. C47201, in the 29th Judicial District Court of Palo Pinto County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to their property under insurance policy no. 85-TG-9358-5, issued by State Farm Lloyds effective June 23, 2014 through June 23, 3015.

Plaintiff served State Farm with a copy of the Original Petition on or about August 10, 2016.

Defendant State Farm files this Notice of Removal within 30 days of receiving Plaintiffs' pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff. As required by 28 U.S.C. § 1446(a), and Rule 81.1 of the Local Rules for the United States District Court of the Northern District of Texas, being filed simultaneously with the filing of this Notice of Removal is an Index of State Court Documents, which is attached hereto as Exhibit "A." A copy of the District Clerk's Case Summary sheet is attached hereto as Exhibit "B." Plaintiff's Original Petition is attached hereto as Exhibit "C" and a copy of the Citation to State Farm Lloyds is attached hereto as Exhibit "D." A copy of the Citation to Ron Clark is attached hereto as Exhibit "E" and a copy of the citation to Charlie Rusk is attached hereto as Exhibit "F." In addition, a copy of the citation to Brad Carroll is attached hereto as Exhibit "G." Defendant State Farm Lloyds' Verified Denial and Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "H." Also included with this filing is Defendant's Certificate of Interested Persons, which is attached hereto as Exhibit "I" and a Supplemental Cover Sheet.

Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Tarrant County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

### A. The Proper Parties Are Of Diverse Citizenship

Plaintiffs are, and were at the time the lawsuit was filed, residents of Palo Pinto County, Texas, and citizens of the State of Texas. *See* Pls' Original pg. 1, attached hereto as Exhibit "C."

Defendant State Farm Lloyds, is, and was at the time the lawsuit was filed, a citizen of the State of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the state of Illinois. Therefore, State Farm Lloyds is a citizen and resident of the state of Illinois for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998 ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

Defendants Clark, Rusk, and Carroll are, and were at the time the lawsuit was filed, residents and citizens of the State of Texas. With respect to the claims against Clark, Rusk, and Carroll, it is State Farm's position that they have been fraudulently joined in this action. Therefore, the Texas citizenship of Clark, Rusk, and Carroll should be disregarded for the purposes of evaluating diversity in this matter.

When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

Here, Plaintiffs assert generic claims against Clark, Rusk, and Carroll for violations of the Texas Insurance Code, violations of the DTPA, and common law fraud. *See* Pl's Original Pet. pgs. 6-13, attached hereto as Exhibit "C." Based on Plaintiffs' pleading, there is no basis for predicting that Plaintiffs might be able to establish liability against Clark, Rusk, and Carroll because no real facts relating to them have been set forth. Plaintiffs' claims against Clark, Rusk, and Carroll consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007). *See also Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiffs cannot "establish a cause of action against [Boring] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). There is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against Clark, Rusk, and Carroll, and their presence should be disregarded in determining diversity jurisdiction.

Because Plaintiffs are citizens of Texas and Defendant State Farm is a citizen of Illinois, complete diversity of citizenship exists among the proper parties.

B. **The Amount in Controversy Exceeds $75,000.00**

This is a civil action in which the amount in controversy exceeds $75,000. Plaintiff's Petition expressly alleges that "Plaintiffs are seeking damages pursuant to Texas rule of Civil Procedure 47(c)(4)." *See* Exhibit C pg. 2.

### III.
### CONCLUSION AND PRAYER

All requirements are met for removal under 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly, State Farm Lloyds hereby remove this case to this Court for trial and determination.

        Respectfully submitted,

        /s/Rhonda J. Thompson
        Rhonda J. Thompson
        State Bar No.: 24029862

        **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201
        Telephone: (214) 871-8200
        Facsimile: (214) 871-8209
        Email: rthompson@thompsoncoe.com

        **COUNSEL FOR DEFENDANT**
        **STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of September, 2016, the foregoing pleading was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Greg Jackson
The Law Office of Greg Jackson, PLLC
201 Main Street, Suite 600
Fort Worth, Texas 76102
Facsimile: (817) 886-3653
Email: gjackson@gregjacksonlaw.com
    *Counsel for Plaintiff*

                                      /s/Rhonda J. Thompson
                                      Rhonda J. Thompson