Filed 6/24/2016 3:03:52 PM
Janie Glover
District Clerk
Palo Pinto County, TX
By: Julie Boyd
Deputy

CAUSE NO. C47201

| | | |
|---|---|---|
| MEADE "SKIP" SEAMAN and<br>MARILYN SEAMAN | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs | §<br>§ | |
| v. | §<br>§ | PALO PINTO COUNTY, TEXAS |
| STATE FARM LLOYDS,<br>RON CLARK,<br>CHARLIE RUSK and<br>BRAD CARROLL | §<br>§<br>§<br>§<br>§ | |
| Defendants | § | 29TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Meade "Skip" Seaman and Marilyn Seaman ('Plaintiffs') files this Plaintiffs' Original Petition, complaining of State Farm Lloyds ("State Farm"), Ron Clark ("Clark"), Charlie Rusk ("Rusk") and Brad Carroll ("Carroll") herein collectively referred to as 'Defendants'.

## DISCOVERY CONTROL PLAN

Plaintiffs request that discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

## PARTIES

Plaintiffs Meade "Skip" Seaman (Texas DL xxxxx773, SSN xxx-xx-x779) and Marilyn Seaman (Texas DL xxxxx043, SSN xxx-xx-x307) are Texas residents.

1


EXHIBIT C

Defendant State Farm Lloyds is a foreign insurance company which transacts business in the State of Texas. This Defendant may be served with process through its registered agent for service, Rendi Black c/o State Farm, 17301 Preston Road, Dallas TX 75252-5727.

Defendant Ron Clark (Texas DL and SSN unknown) is a Texas resident who may be served at 17301 Preston Road, Dallas TX 75252-5727.

Defendant Charlie Rusk (Texas DL and SSN unknown) is a Texas resident who may be served at 17301 Preston Road, Dallas TX 75252-5727.

Defendant Brad Carroll (Texas DL and SSN unknown) is a Texas resident who may be served at 17301 Preston Road, Dallas TX 75252-5727.

The Clerk is requested to issue Citation.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court, and because the events giving rise to Plaintiffs' claims occurred in this jurisdiction. Plaintiffs are seeking damages pursuant to Texas Rule of Civil Procedure 47(c)(4). This Court also has jurisdiction over Defendants because Defendants committed one or more torts in Texas and because Defendants engage in the business of insurance in Texas.

Venue is proper in this county because the property at issue in this case is in this county and because the events giving rise to this lawsuit occurred in this county. Tex. Civ. Prac. & Rem. Code § 15.032

## FACTS

Plaintiffs owned certain real property with improvements and personal property located at 3701 Koko Road, Caddo, Texas 76429(the "Property"), which was insured by insurance policy number 85-TG-9358-5, issued by Defendant State Farm Lloyds (the "Policy"). State Farm sold the Policy insuring the Property to Plaintiffs.

On May 26, 2015 a tornado struck Caddo, Texas causing severe damage to the Property. Specifically, Plaintiffs' house started to shift and slide downhill towards the neighboring lake. The movement of the house continued over several days after the tornado, causing severe damage to the house. The majority of the piers supporting the house were tilted and the spread footing supporting the piers were slanted with large voids beneath the footings and the supporting soil. The house shifted laterally downhill causing the wood deck to buckle. The screen porch on the left side of the house dropped significantly and the fireplace tilted causing daylight in the living room. The living room dropped more than 3 inches, with extensive damage to the interior finishes of the home including sheetrock cracks in the walls and ceiling and misaligned doors. Several trees were uprooted along the path of the tornado on the north and west sides of the house, and the boat house was overturned.

After the storm, Plaintiffs made a claim and demand for payment on Defendant State Farm for damages to the Property and other damages covered by the terms of the Policy. The claim was assigned claim number 43-6M02-603 (the "Claim").

Plaintiffs submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage and Wind Damage the Property sustained as a result of the tornado. Plaintiffs asked that State Farm cover the cost of repairs, including, but not limited to, repair and/or replacement of the house pursuant to the Policy. Defendant State Farm assigned the Claim to Defendants Clark, Rusk and Carroll to adjust

3

and handle the claim. The adjusters and/or claim handlers assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.

Together, Defendants State Farm, Clark, Rusk and Carroll set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted and handled. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

To date, State Farm continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

4

Defendants State Farm, Clark, Rusk and Carroll misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

Defendants State Farm, Clark, Rusk and Carroll failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Defendants State Farm, Clark, Rusk and Carroll refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of the cause of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of a claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have

relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Defendants State Farm, Clark, Rusk and Carroll knowingly or recklessly made false representations, as described above, as to material facts, and/or knowingly concealed all or part of material information from Plaintiffs.

As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

Plaintiffs' experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Defendants have refused to pay all amounts due and owing under the Policy for the Claim. Defendants have failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling the claim.

Plaintiffs have complied with any and all of Plaintiffs' obligations under the Policy.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANTS CLARK, RUSK AND CARROLL
Noncompliance with Texas Insurance Code:
Unfair Settlement Practices

Defendant State Farm assigned Defendants Clark, Rusk and Carroll to adjust and handle the claim. Defendants Clark, Rusk and Carroll were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Clark, Rusk and Carroll failed to properly assess Plaintiffs'

6

windstorm damages. Clark, Rusk and Carroll also omitted many properly covered damages from their reports and estimates. As a result of this unreasonable investigation, Plaintiff was considerably underpaid on his claim and has suffered damages.

Defendants Clark's, Rusk's and Carroll's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151. Defendants Clark, Rusk and Carroll are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of State Farm, because they are each a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were caused by reasons other than they in fact were; (3) using their own statements about the cause of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendants

7

Clark's, Rusk's and Carroll's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Defendants Clark's, Rusk's and Carroll's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Defendants Clark, Rusk and Carroll failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Clark, Rusk and Carroll failed to offer Plaintiffs adequate compensation without any reasonable explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendants Clark, Rusk and Carroll as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

Defendants Clark's, Rusk's and Carroll's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of

8

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Defendants Clark, Rusk and Carroll did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm. Defendants Clark's, Rusk's and Carroll's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST DEFENDANT STATE FARM
Breach of Contract.

The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant State Farm. Defendant State Farm breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiffs' injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs.

#### Unfair Settlement Practices

Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices. All violations under this article are made actionable by TEX. INS. CODE §541.151.

Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an

9

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Prompt Payment of Claims

The Claim is a claim under an insurance policy with Defendant State Farm, of which Plaintiffs gave Defendant proper notice. Defendant State Farm is liable for the Claim. Defendant State Farm violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE § 542.055;

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058.

Breach of the Duty of Good Faith and Fair Dealing/Bad Faith

Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear. Defendant's conduct proximately caused Plaintiffs injuries and damages.

Acts Constituting Acting as Agent

As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendants Clark, Rusk and Carroll are agents of State Farm based on their acts during the handling of this claim, including inspections, adjustments, and aiding in

11

adjusting a loss for or on behalf of the insurer. Tex. Ins. Code §4001.051. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Defendants Clark, Rusk and Carroll including the completion of their duties under the common law and statutory law.

CAUSES OF ACTION AS TO ALL DEFENDANTS

Violations of the Texas Deceptive Trade Practices Act

Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODES 17.41, *et seq.* ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and practices."

Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

Defendants committed numerous violations of the D.T.P.A., insofar as Defendants:

a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

e) Violated the provisions of the Texas Insurance Code described herein.

12

Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiffs' detriment. Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendants' violations of the D.T.P.A., Plaintiffs suffered actual damages. In addition, Defendants committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

### Common Law Fraud

Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. Defendants knew the failure to pay and/or underpayment was false. Plaintiffs justifiably relied upon said statements and suffered injury as a result.

### DAMAGES

As previously mentioned, the damages caused by the tornado have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants State Farm's Clark's, Rusk's and Carroll's mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should

13

have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Upon the trial of this case, it shall be shown Plaintiffs were caused to sustain damages as a result of Defendants' conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably

14

compensate Plaintiffs for the injuries, damages and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post judgment interest, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

## NOTICE/CONDITION PRECEDENT

All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendants have wholly waived and are estopped to assert all rights, if any, to any conditions precedent.

## ALTERNATIVE PLEADING

All pleadings herein, if inconsistent, are made pursuant to Rule 48 of the Texas Rules of Civil Procedure.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs incorporate by reference and re-allege all preceding sections of this Petition and would further show that many of their damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendants received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## JURY DEMAND

Plaintiffs request a jury trial, and herewith tender a jury fee.

## NOTICE OF INTENT

Plaintiffs hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that formal judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendants, jointly and severally, for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,
/s/ Greg Jackson
Greg Jackson
State Bar No. 00794018

THE LAW OFFICE OF GREG JACKSON, PLLC
201 Main Street, Suite 600
Fort Worth, Texas 76102
Phone: (817) 926-1003
Fax: (817) 886-3653
E-mail: gjackson@gregjacksonlaw.com

ATTORNEY FOR PLAINTIFFS