U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 8 2016

CLERK, U.S. DISTRICT COURT
By _____
Dennis

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MEADE "SKIP" SEAMAN, ET AL., §
§
Plaintiffs, §
§
VS. § NO. 4:16-CV-847-A
§
STATE FARM LLOYDS, ET AL., §
§
Defendants. §

ORDER

This action was commenced by the filing of plaintiffs'
original petition in the 29th Judicial District Court of Palo
Pinto County. On September 9, 2016, defendant State Farm Lloyds
("State Farm") filed its notice of removal, bringing the action
before this court. Removal was alleged to be proper on the basis
of diversity of citizenship, State Farm arguing that the
individual defendants, Ron Clark ("Clark"), Charlie Rusk[1]
("Rusk"), and Brad Carroll ("Carroll"), had been improperly
joined. No motion for remand was filed; neither was a motion to
dismiss the claims against the improperly joined defendants.

The court ordered the parties to file amended pleadings in
keeping with the rules applicable in federal court. On October
27, 2016, plaintiffs, Meade "Skip" Seaman and Marilyn Seaman,
filed their amended complaint, admitting that diversity

---

[1]Plaintiffs' amended complaint refers to "Charles L. Rusk" as the defendant. The court assumes
that this is the same person as "Charlie Rusk" originally named in the state court petition.

jurisdiction exists. Doc.[2] 9 at 1. Of course, diversity jurisdiction would not exist if Clark, Rusk and Carroll were proper parties, since they and plaintiffs are alleged to be citizens of the State of Texas. The court is satisfied that plaintiffs never seriously asserted claims against these individual defendants, as the original petition was filed on June 24, 2016, and there is no proof that plaintiffs ever served said defendants, much less attempted to do so.

Ordinarily, prior to ordering the parties to replead, the court would have signed an order disposing of the claims against the non-diverse defendants if the court reached the conclusion that they had been improperly joined. That did not occur in this case, so the court is now taking that step.[3] The joinder of local claims adjustors in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction has become a popular tactic.[4] After a study of

---

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

[3]That is, the court earlier undertook the analysis, determining that it had jurisdiction before ordering the repleading, but failed to enter an appropriate order spelling out its reasoning.

[4]See, e.g., Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912 (N.D. Tex. May 12, 2015); Davis v. Metropolitan Lloyds Ins. Co., No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841
(continued...)

plaintiffs' state court pleading, and a review of applicable authorities, for essentially the same reasons given in the cases cited in footnote 4 why the claims adjustors were improperly joined in those cases, the court concluded that plaintiffs named the individual defendants in this action for the purpose of attempting to defeat federal court jurisdiction. The individual defendants were improperly joined. None of the claims asserted against the individual defendants would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that their citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against those defendants should be dismissed.

The court ORDERS that plaintiffs' claims against Clark, Rusk, and Carroll be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against said defendants.

The court further ORDERS that the caption of this action be,

---

[4](...continued)
(N.D. Tex. Sept. 25, 2014).

and is hereby, amended to reflect that State Farm is the only defendant.

    SIGNED November 8, 2016.

JOHN McBRYDE
United States District Judge